<b>United States District Court</b><br>For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LVNV FUNDING LLC ASSIGNEE OF CITIBANK,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL A. CARNACCHI,<br><br>        Defendant.<br>_____/ | No. C-09-5365 EMC<br><br>**ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND REMANDING CASE TO STATE COURT**<br><br>**(Docket No. 3)** |

      Plaintiff LVNV Funding LLC, as assignee of Citibank, initiated this lawsuit against Defendant Michael A. Carnacchi in state court. Mr. Carnacchi has now removed the case to federal court and asked for leave to proceed *in forma pauperis*. Mr. Anthony has consented to proceeding before a magistrate judge.

### I.    DISCUSSION

A.    *In Forma Pauperis* Application

      When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.,* 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)).

      In his financial affidavit, Mr. Carnacchi states that he is self-employed as a bootmaker and earns approximately $900 per month. He also states that he has limited assets -- *e.g.*, a car which

has been financed, a bank account with limited funds, and limited cash. His monthly expenses exceed $1,000, and he has credit card debt of more than $3,000. Given these circumstances, the Court grants Mr. Carnacchi's application to proceed *in forma pauperis*.

B.  Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addition, this Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case. *See, e.g.*, *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that "[a] district court may remand a case sua sponte for lack of subject matter jurisdiction at any time"); *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction); *Khan v. Bhutto*, C-93-4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny *in forma pauperis* status under 28 U.S.C. § 1915(d) and dismiss sua sponte a claim . . . over which the court lacks subject matter jurisdiction").

In the instant case, subject matter jurisdiction is lacking.[1] Title 28 U.S.C. § 1441 allows a defendant to remove only cases in which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441. Under 28 U.S.C. § 1331, a federal court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28

---

[1] The Court notes that the removal by Mr. Carnacchi appears to have been untimely. Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). In the instant case, the complaint appears to have been filed in state court on July 31, 2009, *see* Not., Ex. C (complaint), and served on Mr. Carnacchi on August 8, 2009. *See* Not., Ex. B (Attachment 4) (Pl.'s Br. at 3). However, Mr. Carnacchi did not file a notice of removal until three months later.

Of course, a district court cannot "remand *sua sponte* for defects in removal procedure." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003).

1  U.S.C. § 1332, a federal court also has subject matter jurisdiction when each of the plaintiffs is a
2  citizen of a different state from each of the defendants (*i.e.*, when there is "complete diversity") and
3  the amount in controversy exceeds $75,000.  In the instant case, Mr. Carnacchi does not make any
4  argument that there is diversity jurisdiction; rather, his sole contention is that subject matter
5  jurisdiction is proper based on federal question jurisdiction.  *See* Not. at 1 (referring to §§ 1331,
6  1441, and 1446).

7  In his papers, Mr. Carnacchi asserts that there is federal question jurisdiction in the instant
8  case because Citibank has "violat[ed] Federal Statutes governed by Chapter 96 of Title 18 U.S.C."
9  and because Citibank has "impos[ed] 'Excessive Fines' upon the United States Citizenry [including
10 himself] in violation of the Eighth Amendment of the United States Constitution."  Not. at 2.  The
11 problem for Mr. Carnacchi is that the Court determines whether there is federal question jurisdiction
12 based on the allegations in the plaintiff's complaint, not on the defenses raised in the defendant's
13 answer, *see ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of*
14 *Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (stating that "the existence of federal jurisdiction
15 depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims"),
16 and not on any counterclaims asserted by the defendant.  *See Holmes Group, Inc. v. Vornado Air*
17 *Circulation Sys.*, 535 U.S. 826, 830-32 (2002) (rejecting argument that "the well-pleaded-complaint
18 rule, properly understood, allows a counterclaim to serve as the basis for a district court's 'arising
19 under' jurisdiction").  In the case at hand, the only claim asserted by LVNV Funding is a common
20 count, which is clearly a state law claim.  *See* Not., Ex.] C (complaint).

21 Accordingly, the Court concludes that it does not have subject matter jurisdiction over the
22 instant case and remands the case to the state court.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

## II.   <u>CONCLUSION</u>

For the foregoing reasons, Mr. Carnacchi's application to proceed *in forma pauperis* is granted but the Court remands the case to state court for lack of subject matter jurisdiction.

The Clerk of the Court is directed to close the file in this case.

IT IS SO ORDERED.

Dated: December 4, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LVNV FUNDING LLC ASSIGNEE OF CITIBANK,

    Plaintiff,

v.

MICHAEL A CARNACCHI et al,

    Defendant.

Case Number: CV09-05365 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 4, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Erica Lynn Brachfeld
Brachfeld & Associates PC
20300 S Vermont Ave #120
Torrance, CA 90502

Michael A. Carnacchi
227 North Main Street
Sebastopol, CA 95472

Dated: December 4, 2009

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

5